| | |
|---|---|
| **DISTRICT COURT, LARIMER COUNTY, STATE OF COLORADO**<br>201 La Porte Avenue, Suite 100<br>Fort Collins, CO 80521 | DATE FILED: September 18, 2023 4:04 PM<br>FILING ID: 49A9C1D0CC471<br>CASE NUMBER: 2023CV30777 |
| **Plaintiff:** JEANA CURTIS,<br><br>vs.<br><br>**Defendant:** STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY. | ▲ Court Use Only ▲ |
| Attorneys for Plaintiff:<br>J. Todd Tenge, Atty Reg. No. 22088<br>M. Paige Orgel, Atty Reg. No. 46450<br>Adam N. Balach, Atty Reg No. 41992<br>**TENGE LAW FIRM, LLC**<br>2521 Broadway Street, Suite A<br>Boulder, CO 80304<br>Phone No: 303-665-2929<br>Fax No: 303-665-8788<br>E-mail: jttenge@tengelaw.com<br>porgel@tengelaw.com<br>abalach@tengelaw.com | Case Number:<br><br>Division/Courtroom: |
| **PLAINTIFF'S CIVIL COMPLAINT AND JURY DEMAND** | |

Plaintiff, Jeana Curtis, (hereinafter collectively referred to as "Plaintiff") by and through her attorneys, the TENGE LAW FIRM, LLC, for their Complaint and Jury Demand against Defendant State Farm Mutual Insurance Company, and in support states as follows:

## GENERAL ALLEGATIONS

1. Defendant is an insurance company licensed to do business in the State of Colorado with a registered agent located at Corporation Service Company, 1900 West Littleton Blvd., Littleton, CO 80120.

2. At all times pertinent, Defendant provided Plaintiff with a Colorado insurance coverage under policy number 5433636B1106 (the "Policy").

3. Jeana Curtis is a resident of Weld county and resides at 501 Main Street., Plateville, CO 80651.

1

4. Plaintiff, while insured under the Policy, was injured in a vehicular collision on October 1, 2022, in Larimer County, Colorado (the "Collision"). Subsequent to this Collision, her medical treatment occurred in Colorado. The communications with the Defendant occurred in Colorado. The Defendant's bad faith actions giving rise to this this lawsuit occurred in Colorado. The Policy, Collision and Plaintiff's resulting injuries serve as the basis for her underinsured motorist ("UIM") benefits claim with Defendant, which is the subject of this lawsuit.

5. The at fault driver, Brynne Schneider was insured with GEICO Insurance.

6. GEICO Insurance tendered its' policy limits to Plaintiff, and Defendant gave written consent to settle this claim with GEICO Insurance.

7. Venue in this county is proper pursuant to C.R.C.P. 98(c).

## FACTUAL ALLEGATIONS

8. Plaintiff incorporates all previous allegations as if fully set forth herein.

9. At the time of the Collision on October 1, 2022, Ms. Jeana Curtis was the restrained driver of her 2013 Kia Optima.

10. Ms. Curtis was traveling northbound on Interstate 25 in lane 2, in Johnstown, Colorado.

11. The at fault, underinsured driver, Brynne Schneider was driving a 2008 Nissan Rogue directly behind Ms. Curtis. Brynne Schneider failed to pay attention and rear-ended Ms. Curtis's vehicle.

12. Officer K. Trimbach #0032, of the Colorado State Patrol Police Department responded to the scene of the collision. He completed a thorough investigation and determined that Brynne Schneider was entirely responsible for causing the collision and cited her with "Careless Driving Caused Bodily Injury".

13. Ms. Curtis was not comparatively negligent or at-fault for the subject collision. She was also wearing her seatbelt during the collision.

14. As a result of the collision, Ms. Curtis suffered serious injuries, including, but not limited to: Whiplash, Neck pain, Cervical strain, Cervicalgia, Cervicogenic, Myalgia, Left shoulder pain, Left shoulder strain, Left trapezius pain, Muscle spasms, Trigger points, Right hip pain, Headaches, Migraine, Nausea/Vomiting, Photophobia, Phonophobia, Mental fogginess, Post-concussive syndrome, Anxiety disorder/PTSD, Sleep disturbance, Restrictions of activities of daily living, Permanent impairment, Work under duress.

15. Ms. Curtis received medical treatment for her collision-related injuries. Ms. Curtis's reasonable and necessary past medical expenses total approximately $27,146.75.

16. As a result of the injuries that Ms. Curtis suffered in the subject automobile collision, she has sustained permanent injuries and physical impairment.

17. As a result of the injuries that Ms. Curtis has sustained, she will incur future medical expenses.

18. As a result of the injuries Ms. Curtis suffered in the subject automobile collision, Ms. Curtis incurred past and future non-economic damages in the form of pain and suffering, inconvenience, frustration, and loss of enjoyment of life.

19. On February 27, 2023 undersigned Counsel received correspondence from State Farm Insurance providing consent for Ms. Curtis to settle the bodily injury claim with the underinsured's insurance provider, GEICO Insurance.

20. Defendant acknowledged that at the time of the Collision that Ms. Curtis maintained a Policy with it which included underinsured motorist benefits with $25,000.00 in available coverage.

21. Ms. Curtis has been cooperative with Defendant during the UIM claim process and performed her respective obligations under the Policy as the insured, including but not limited to, paying all premiums in a timely fashion, being prompt and communicative, signing authorizations and completing inquiry forms, and agreeing to submit to a medical examination.

22. On July 5, 2023, Ms. Curtis submitted a request for evaluations of benefits to the Defendant. This request included an Eight (8) page narrative letter, with supporting documentation. The narrative letter detailed Ms. Curtis' damages, which included economic damages of $27,146.75, future medical damages of $10,000.00, non-economic damages of $100,000.00, and permanent physical injury and impairment damages of $135,050.00, for a total of $272,196.75. Given the $25,000.00 underlying policy offset, Ms. Curtis requested that her underinsured benefits of $25,000.00 be tendered to her.

23. On July 19, 2023, Defendant made a settlement offer in the amount of $8,147.00.

24. On July 25, 2023, undersigned counsel sent a letter to Defendant reiterating Ms. Curtis' damages, and requested that Defendant tender Ms. Curtis' underinsured benefits in the amount of $25,000.00. To avoid delay, undersigned counsel requested that the Defendant respond to this letter within 7 days.

25. Defendant failed to respond within the requested timeframe. Undersigned Counsel attempted to follow up with Defendant on August 17, 2023.

26. Defendant failed to respond to undersigned counsel's attempt to communicate with it on August 17, 2023.

27. Undersigned counsel again reached out to Defendant on August 29, 2023, further requesting a response. By this date, there had been no response from Defendant since July 19, 2023.

28. On August 29, 2023, Defendant responded to the letter of July 25, 2023, refusing to tender additional benefits above the $8,147.00 to Ms. Curtis.

29. On August 29, 2023, counsel for Ms. Curtis requested that the Defendant provide a basis of settlement evaluation.

30. On August 30, 2023, Defendant partially responded to the August 29, 2023 request, but failed to respond or even acknowledge multiple questions raised in the letter.

31. On August 31, 2023, undersigned counsel again, requested the basis of evaluation to be replied to in its entirety.

32. As of September 8, 2023, Defendant has failed to agree to tender additional benefits above $8,147.00.

33. As of September 8, 2023, Defendant has failed to actually tender the undisputed underinsured benefits of $8,147.00.

34. Defendant unreasonably delayed, and continues to delay, providing Ms. Curtis with adequate UIM benefits to compensate her for her damages and losses.

35. Defendant unreasonably failed to investigate Ms. Curtis claims for UIM benefits, which consequently led to the unreasonable delay and denial of reasonable UIM benefits, and failure to tender UIM payments to Ms. Curtis to which she is entitled under the insurance Policy.

36. Defendant unreasonably failed to promptly and adequately communicate with Ms. Curtis, which consequently led to the unreasonable delay and denial of reasonable UIM benefits, and failure to tender UIM payments to Ms. Curtis to which she is entitled under the insurance Policy.

37. Defendant unreasonably evaluated and investigated Ms. Curtis' UIM claim, which consequently led to the unreasonable delay and denial of reasonable UIM benefits, and failed to tender UIM payments to Ms. Curtis, which she is entitled to under the insurance Policy.

### FIRST CLAIM FOR RELIEF
(*Breach of Contract Against Defendant*)

38. Plaintiff incorporates all previous allegations as if fully set forth herein.

39. Ms. Curtis has complied with all conditions precedent to coverage under the Policy issued by Defendant to her.

40. To the extent that Ms. Curtis has failed to comply with any of the contractual obligations, Defendant has not been prejudiced by the failure to comply.

4

41. To the extent that Ms. Curtis have failed to comply with any of the contractual obligations, Defendant may not rely on this failure to comply because it breached one or more material obligations under the Policy prior to any alleged failure to comply of Ms. Curtis.

42. At all times relevant to this action, Defendant owed to Ms. Curtis the implied duty of good faith and fair dealing in the insurance contract.

43. Defendant breached its contract with Ms. Curtis by not tendering the policy limits of their underinsured motorist coverage under the Policy.

44. As a direct and approximate result of Defendant's breach of contract, Ms. Curtis has incurred damages in the amount to be determined at the time of trial.

## SECOND CLAIM FOR RELIEF
### (*Bad Faith Breach of Insurance Contract Against Defendant*)

45. Plaintiff incorporates all previous allegations as if more fully set forth herein.

46. As a provider of insurance services to the public, Defendant at all times had a duty to be actuated by good faith and fair dealing in everything pertaining thereto, abstain from deceptive or misleading practices and keep, observe, and practice the principles of law and equity in all matters pertaining to the business of insurance.

47. Under Colorado law, every insurance contract contains an implied covenant of good faith and fair dealing and imposes on insurers a duty to act in good faith with their insureds. Pursuant to its implied duty of good faith and fair dealing, Defendant owed to Plaintiff an obligation to treat Ms. Curtis' interests with equal consideration to its own interests.

48. Defendant breached its duty of good faith and fair dealing owed to Ms. Curtis, by the following, including, but not limited to:

    a. Failing to give equal consideration to the interest of Ms. Curtis, its insured;

    b. When investigating, if at all, Ms. Curtis' claim, failing to diligently search for evidence that supported its insured's claim;

    c. Seeking to discover only evidence that defeated its' insured's (Ms. Curtis') claim;

    d. Unreasonably delaying and/or withholding benefits under the insurance Policy without a reasonable basis for delaying and/or withholding benefits, with knowledge or reckless disregard of a lack or reasonable basis for delaying and/or withholding benefits;

    e. Failing to adopt and implement reasonable standards for the prompt investigation and evaluation of claims arising under the insurance Policy;

    f. Refusing to pay claims without conducting a reasonable investigation based upon all available information;

  g. Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims after its liability has become reasonably clear;

  h. Compelling Ms. Curtis to institute litigation to recover amounts due under the insurance Policy by offering substantially less than the amounts Ms. Curtis is entitled to recover;

  i. Forcing Ms. Curtis into the costly and lengthy process of litigation;

  j. Failing to provide a reasonable explanation regarding the calculation, evaluation, and ultimate denial of Ms. Curtis' UIM benefits;

  k. Failing to abide by Colorado law when evaluating Ms. Curtis' UIM claim;

  l. Any further acts which may be discovered.

49. Defendant's aforesaid conduct was unreasonable and Defendant either knew such conduct was unreasonable or recklessly disregarded the fact that the conduct was unreasonable.

50. As a direct and approximate result of Defendant's breach of its duty of good faith and fair dealing, Plaintiff has sustained damages in the amount to be proved at trial.

## THIRD CLAIM FOR RELIEF
*(Violation of C.R.S. § 10-3-1115(1) and C.R.S. § 10-3-1116(1) Against Defendant)*

51. Plaintiff incorporates all previous allegations as if more fully set forth herein.

52. Pursuant to the facts, allegations, reasons, and law detailed above, Defendant's evaluation and delay of Ms. Curtis' claim for UIM benefits is unreasonable and in violation of C.R.S. 10-3-1115 and 10-3-1116..

53. Pursuant to C.R.S. § 10-3-1116(1), Ms. Curtis is entitled to reasonable attorney's fees and two times the covered benefit.

**WHEREFORE**, Plaintiff prays for a judgment against Defendant in an amount to be determined at trial for damages, including:

 a. Past and future: economic losses, including but not limited to, medical bills, lost wages, loss of ability to earn money, and other expenses;
 b. Non-economic losses, including but not limited to, physical and mental pain and suffering, inconvenience, emotional stress, and impairment of the quality of life;
 c. Physical impairment and disfigurement;
 d. Damages for breach of contract and UIM payments;
 e. Damages recoverable under C.R.S. 10-3-116 including the covered benefit, plus twice the covered benefit, attorney fees, and costs;
 f. Wrongful withholding of interest and interest pursuant to statute, including but not limited to pre and post statutory interest;

    g.  Reasonable costs and expenses, expert witness fees, and attorney fees.

**PLAINTIFF REQUESTS A TRIAL TO A JURY OF SIX (6) PERSONS.**

Dated: September 18, 2023.

        **TENGE LAW FIRM, LLC**

*Original signature on file at the offices of Tenge Law Firm, LLC, per CRCP Rule 121, 1-26*

<u>s/ J. Todd Tenge</u>
J. Todd Tenge, Esq.
M. Paige Orgel, Esq.
Adam N. Balach, Esq.
*Attorneys for Plaintiff*

<u>Plaintiff's Address</u>:
PO Box 466
Platteville, CO 80651